## SUTTON vs. SMITH.

In an action for slander the defendant, upon the trial of the issue, made upon the plea of not guilty, may prove that the publication of the words set forth in the declaration, was procured by the fraudulent contrivance of the plaintiff himself, with a view to an action.

### ERROR TO CLAY CIRCUIT COURT.

#### STATEMENT OF THE CASE.

The plaintiff in error, Sarah Sutton, instituted her action of slander in the Clay circuit court against the defendant, Smith, in the month of September, 1846. The declaration contained four counts. In the 1st, 2nd and 3rd counts, she charges that the defendant, on the 10th day of June, 1846, at Clay county, accused her with having stolen his corn; and in the 4th count, that he had accused her with having stolen the corn of him, the said defendant and one John Ogden, laying the damages at $5000.

To this declaration, the defendant, at the return term of the writ, filed the plea of not guity and of justification.

In the plea of justification, the defendant alleges that he had a right to speak and publish the words alleged to have been spoken by him, because the plaintiff did in fact, feloniously steal, take and carry away, certain goods and chattels, that is to say, one bushel of corn, the property of him and the said John Ogden, on the 1st day of May, 1846, at said county of Clay, being of the value of one dollar.

To this plea of justification the plaintiff did not reply.

Afterwards, at the February term, 1847, of the court, the case being called for trial, the defendant, by leave of the court withdrew the plea of not guilty, and thereupon a jury was sworn to try the cause, upon which being done, the defendant filed his motion to *non pros.* the plaintiff, because she had not replied to nor taken issue upon the plea of justification. This motion was sustained by the court, and the plaintiff *non prossed.* Whereupon the plaintiff then moved to set the judgment of *non pros* aside, and to reinstate the cause upon the docket, upon the ground, as alleged in the motion, that the plea of the defendant was but to one count of the declaration, and that there were other counts therein to which the defendant had not plead, and that therefore she was entitled to a judgment by *nil dicit.*

This motion of the plaintiff to reinstate the cause upon the docket, was accompanied by her affidavit, in which she states, that she has merits in the action, and that upon the trial of the cause she will prove that the imputations of felony in said declaration, in manner and form as charged, were made by said Smith, and they were wholly false.

The court sustained this motion, and reinstated the cause upon the docket, and overruled the motion of plaintiff for judgment by *nil dicit,* and granted the plaintiff leave to reply to the

said plea, and also granted the defendant leave to reinstate upon the docket his said plea of not guilty that had been withdrawn; which being done, and the replication filed, the court thereupon adjudged that the plaintiff should pay all the costs up to that time.

The plaintiff, in her replication, denies that she stole any of the goods, chattels, or corn, of the said John Smith and John Ogden, as in the said second plea is falsely alleged, and that the said defendant, Smith, at the time when, &c., as mentioned in the declaration, of his own wrong, and without the cause by him alleged in the introductory part of the plea, did commit the said several grievances in the introductory part of that plea mentioned, and as in her said declaration set forth.

The defendant excepted to the opinion of the court in setting aside the judgment of *non pros.*, and reinstating the cause upon the docket; and also to the opinion of the court in permitting the plaintiff to reply to said replication. The case being thus at issue, the same came on to be tried at the August term of the court in the year 1848, whereupon a jury was sworn, and the plaintiff, to prove the issues on her part, gave certain evidence, and the defedeant evidence to sustain his defence. The evidence being closed, the plaintiff and defendant each asked for instructions.

The jury found their verdict for the defendant upon the plea of not guilty, and for the plaintiff upon the plea of justification.

Motions for a new trial and in arrest were made and overruled, and the case brought to this court by writ of error.

ABELL & STRINGFELLOW for plaintiff in error.

1. Although plaintiff had a verdict on the plea of justification, she may yet complain of the errors of the court in giving and refusing instructions asked with immediate reference to that plea. Those errors, under the peculiar circumstances of this case, manifestly misled the jury, and tended to induce the verdict found by them. The conduct of the plaintiff, which is alleged to have induced defendant to believe the charge made by him, is no justification. It will not, even as admitted by plaintiff's instruction, which was refused, necessarily go in mitigation. It is no mitigation, where, as in this case, the defendant advised that the charges is false, reiterates it in a plea of justification. There is no pretence of authority or principle for holding such facts a complete defence, a legal excuse. 2 Starkie on Evidence, 643; 2 Greenleaf, 345, sec. 426, 343, 228, 229; 3 Mass. R. 546; 1 Pick. 1; 5 Pick. 296; 2 Pick. 113.

The plea of justification only extended to 4th count. 11 John. 38; 13 Wen. 9.

2. The costs at the February term, 1848, should have been taxed against defendant. Rev. Stat. p. 816, sec. 3.

HADEN for defendant in error.

1. I insist that the circuit court did not err in giving to the jury, upon the trial of the cause, the instructions complained of by the plaintiff. These instructions assert and maintain, very correctly, as I conceive, the prinicples that upon the trial of the issue, taken upon the plea of not guilty, pleaded by the defendant to the action, the jury should be satisfied from the evidence, that the defendant was guilty of speaking and publishing the words alleged in the declaration, *falsely and maliciously* in order to warrant them in finding their verdict for the plaintiff. That the wrong and injury complained of should appear to have been committed by the defendant as charged, and not at the request of the plaintiff, nor invited nor procured by her contrivance, nor with her will and consent, for the purposes of the action, upon the ground that she has no right to complain of *that* as an injury, which she has willingly occasioned. See 2nd Starkie's Evidence, part 4th, page 876 and note referred to; 2nd Greenleaf, sec. 421,

16

p. 341; Starkie on Slander. 169 and 538, bottom paging; 3 Bos. and P. p. 592, 593; 5 Esp. Rep. 15; 1 T. Rep. 112.

2nd. I hold that the plaintiff has no more right to demand compensation for an injury, which she has by her acts and contrivance procured to be inflicted upon her reputation, (if she have any) than she would have if she had requested the same to have been done by word. Or, in other words, if she has caused the injury to be done of which she complains, it matters not what means she adopted, nor what agent she employed to effect it. By such conduct, she becomes the inserter of her own rights, and is bound by law to submit to the loss sustained, if any. There was very satisfactory evidence, to my mind, given to the jury, that if the defendant did speak the words charged in the declaration, they were not spoken *maliciously*, but, on the contrary, they were spoken honestly, under a well founded conviction of mind that they were true, and that they were spoken with the consent, by the contrivance, and according to the wish and desire of the plaintiff.

3. It is just as essential that the words in this action should be shown to be maliciously spoken, as that they were falsely spoken. Malice, in the speaking of the words, lies at the very foundation of the right of action. It is true, that if the words spoken be actionable in themselves, and be false or untrue, the law implies that they were spoken in malice; but this presumption (like all other presumptions) may be rebutted from the facts and circumstances attending the speaking, or by the proof showing that it was no malice; such as the proof that was given in this very case. 2 Starkie Ev. pp. 864, 4, 5, 6, 7, 905, 6; 3 Gannt 246, 254, 258; 7 Carr & Payne, 302; Starkie on Slander, page 174.

4. The jury had the right to weigh the evidence, and if satisfied that the plaintiff had failed to prove the existence of any one essential ground of the action, to find their verdict for the plaintiff upon the plea of not guilty, as also to find the evidence insufficient to prove the plaintiff guilty of larceny, as set up in the plea of justification. They had a right to find on the plea of not guilty, that the words were untrue and not maliciously spoken, but spoken honestly, and induced and moved by the contrivance of the plaintiff herself, for the purposes of this action.

They had a right to find upon the other plea, that the plaintiff was not a thief in fact, but that she acted just like a thief would, in taking and carrying away the corn of another from his crib, showing by her acts that she knew how such larcenies are perpetrated, and withal, manifested a strong desire to rob her neighbor of his money, for an injury (if any) which was perpetrated virtually by herself. And the jury, exercising this authority, did find their verdict for the defendant upon the plea of not guilty, and for the plaintiff upon the plea of justification; and in doing so, they were well warranted, so far as the defendant is concerned. Nor is there any ground, as I humbly conceive, upon which the court below would have been warranted in setting aside the verdict of the jury upon the motion of the plaintiff therefor.

RYLAND, Judge, delivered the opinion of the court:

From the above statement, it appears that the plaintiff, Sarah Sutton, sued John Smith in the Clay circuit court, in an action of slander. Smith filed his pleas of not guilty and justification.

On the trial, the plaintiff gave evidence to prove the words as charged; and the defendant gave evidence, showing, that the words spoken were induced by the act of the plaintiff herself.

The words charged are, that "Mrs. Sutton stole my corn," "that Mrs. Sutton stole our corn," meaning the corn of said Smith and one John

Ogden. The testimony of the plaintiff fully proved the words as charged in her declaration. The defendant then proved, that the plaintiff had stated, "that Smith and Ogden had been watching her, and that she took an apron full of her own corn and went with it down to the crib, in order to devil them; she said they had been accusing her of stealing their corn; that when she had carried her corn down to the crib, she threw it to her hogs." That knowing that she was watched by Smith and Ogden, she would go up to the corn crib, and throw out to her hogs, her own corn; that if she got hold on them, (Smith and Ogden,) she would make them smoke—she would sue them."

It appears that the tract of land on which the plaintiff lived, had been bought at a sheriff's sale as the property of the plaintiff's husband, Jonas Sutton, in his life time by one Abram Creek; that Creek sold the land to Smith, the defendant, and to John Ogden; that Smith and Ogden had raised a crop of corn on the land, and had put the corn in a crib on the place, near the mill house, and that the plaintiff still occupied the mansion house.

The main question for our determination arises on the instructions given by the court below. From these instructions, the jury were induced to find their verdict for the defendant on the issue, upon the plea of "not guilty," and for the plaintiff on the issue made on the plea of "justification."

I will here insert some of the instructions given for the defendant.

1st. "If the jury believe from the evidence, that the words in the declaration mentioned were [as] published by defendant, were procured by the contrivance of the plaintiff, then they will find for defendant."

3rd. "If the jury believe from the evidence, that corn was placed in defendant's crib, by plaintiff, without the knowledge of the defendant, and was afterwards thrown out by plaintiff to her hogs, in such manner as to deceive defendant, and to induce him to believe that it was his corn she fed to her hogs, and that the circumstances of the case were such as to induce a reasonable belief of that fact, they will find for the defendant under the general issue."

The court of its own motion gave the following instruction. "If the jury find from the evidence, that the defendant spoke the words as charged in the declaration, they will find for the plaintiff, unless they also find that the plaintiff was guilty of stealing the corn as alleged in the plea of justification, or unless the speaking was procured by the contrivance of the plaintiff."

These instructions present to us the main question in this case. There

are some other minor points which we consider not worth our attention.

The question here involves the principle of the maxim *"volanti non fit injuria."* We think the maxim very applicable to the circumstances of this case. Greenleaf in his treatise on evidence, 2nd vol. page 341, sec. 421, says, "under this plea, (that is the general issue,) also, the defendant may prove the publication was procured by the fraudulent contrivance of the plaintiff himself, with a view to an action."

We fully accede to this authority, and consider it sufficient to sustain the court below, in giving the instructions in this case. No person has the right to entrap another, by false and fraudulent appearances, in order to induce an act on which to form a claim for damages in a court of justice. A plaintiff, who will so act, as to induce a reasonable man to charge him with larceny, should abide the effect of such charge, without coming into court, and asking a compensation for the injury which he has thus voluntarily caused to be inflicted upon himself. He who thus acts, values money more than character.

We consider the instructions given in this case, were warranted by the facts as they appear from the record as well as the law governing such cases.

Upon the subject of costs, we think the court below ought to have taxed the costs of the February Term, 1848, at which this suit was continued on the motion and application of the defendant Smith, against said Smith. I am therefore for reversing this case so far only as regards the costs of that term, which should be taxed against the defendant. In all other matters, the judgment of the court below is, in my opinion, correct, and my brother, Judge Napton, concurring herein, the judgment of the court below is reversed, and this suit is remanded to the circuit court of Clay county, with directions to tax the costs of the said February term, 1848, against said defendant Smith, but in all other respects to remain as it is, there being no other error.

Judge Birch having been of counsel, did not sit in this case.